JOE LEIBOWITZ, Appellant, *v.* ELBNY CORPORATION, Respondent.

Submitted March 5, 1951; decided April 13, 1951.

*M. Benjamin Baron* for appellant.  I. The trial court erred in dismissing the complaint and should have submitted the case to the jury. (*Boreyko* v. *Bay Ridge Sav. Bank,* 274 App. Div. 1060; *Reische* v. *Montgomery,* 273 App. Div. 824.)  II. As a matter of law, plaintiff was not guilty of contributory negligence. (*Peil* v. *Reinhart,* 127 N. Y. 381.)  III. On the dismissal for failure of proof plaintiff is entitled to every favorable and legitimate inference to be drawn from his testimony to support a prima facie case. (*Relihan* v. *Felson,* 268 App. Div. 76; *De Wald* v. *Seidenberg,* 297 N. Y. 335; *Iorio* v. *Murray,* 256 App. Div. 512; *Dillan* v. *Rockaway Beach Hosp.,* 284 N. Y. 176; *Ingersoll* v. *Liberty Bank of Buffalo,* 278 N. Y. 1; *Cornbrooks* v. *Terminal Barber Shops, Inc.,* 282 N. Y. 217; *Rosenberg* v. *Schwartz,* 260 N. Y. 162; *Martin* v. *Herzog,* 228 N. Y. 164; *Betzag* v. *Gulf Oil Corp.,* 298 N. Y. 358; *Tierney* v. *New York R. T. Corp.,* 243 App. Div. 782.)

*Daniel Miner, Archie B. Morrison, John D. Lynn* and *Robert A. Dwyer* for respondent. I. Plaintiff failed to prove a cause of action. (*Schachter* v. *Cohen,* 258 App. Div. 487; *Zolla* v. *Young Women's Christian Assn.,* 250 App. Div. 139; *Cullings* v. *Goetz,* 256 N. Y. 287; *Kirshenbaum* v. *General Outdoor Adv. Co.,* 258 N. Y. 489; *Miller* v. *Noyes,* 268 App. Div. 797, 294 N. Y. 755; *Hines* v. *Cielo,* 260 App. Div. 878, 285 N. Y. 786; *Busick* v. *Home Owners Loan Corp.,* 91 N. H. 257; *Timmons* v. *Williams Wood Products Corp.,* 164 S. C. 361.) II. Plaintiff was contributorily negligent as a matter of law; furthermore, there was an assumption of risk by plaintiff. (*Stoops* v. *Carlisle-Pennell Lbr. Co.,* 127 Wash. 82; *McGinn* v. *French,* 107 Wis. 54; *Kline* v. *Abraham,* 178 N. Y. 377; *Mitcheltree* v. *Stair,* 135 App. Div. 210; *Talley* v. *Curtis,* 23 Tenn. App. 181; *Fonya* v. *Chicago Title & T. Co.,* 296 Ill. App. 227; *Brand* v. *Interborough R. T. Co.,* 273 N. Y. 658; *Hudson* v. *Church of Holy Trinity,* 250 N. Y. 513; *O'Neill* v. *Chatham Phenix Nat. Bank & Trust Co.,* 242 App. Div. 511, 267 N. Y. 622.)

*Per Curiam.* Plaintiff sustained personal injuries in a fall down a stairway which was the only access to the street from the apartment rented by him from defendant.. His complaint was dismissed, after trial, for failure of proof. Giving plaintiff the benefit of every favorable inference, his testimony tended to establish that nails projected from one of the steps (in this he was corroborated by a police officer), upon which his clothing caught, causing his fall; that the nails were there as a result of defendant's affirmative negligence in the removal of the old linoleum which allegedly covered the steps at the time when plaintiff rented and moved into the apartment; and we cannot say upon this record that he was guilty of contributory negligence as a matter of law.

Plaintiff had established a prima facie case and was entitled to go to the jury, hence it was error to dismiss his complaint. The judgments should be reversed and a new trial granted, with costs to abide the event.

Loughran, Ch. J., Lewis, Conway, Desmond, Dye, Fuld and Froessel, JJ., concur.

Judgments reversed, etc.